UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUHAMMAD MUSLIH, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>COUNTY OF ESSEX, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 20-6694 (ES) (MAH)<br><br>REPORT AND RECOMMENDATION |

**I.　INTRODUCTION**

　　　This matter is presently before the Court on the motion of Plaintiffs Muhammad Muslih, Soulaiha Muslih, and Alia Muslih to remand this action to the Superior Court of New Jersey, Law Division, Essex County. *See* Pls.' Motion to Remand, June 19, 2020, D.E. 4. The Court has considered this motion on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, the Court recommends that the District Court deny Plaintiffs' motion.

**II.　BACKGROUND**

　　　Plaintiffs, New Jersey residents living in Montclair, New Jersey, filed a 98-count, 200-page civil rights complaint in the Superior Court of New Jersey, Law Division, Essex County against the County of Essex, Essex County Prosecutor's Office, Essex County Prosecutor's Office Narcotic Task Force, Prosecutor Theodore N. Stephens, II, County Counsel Courtney M. Gaccione, a number of detectives, and other unnamed defendants employed by the County of Essex or otherwise associated with the Essex County Prosecutors Office ("Essex County Defendants"), as well as the State of New Jersey Office of the Attorney General ("OAG"). Compl., D.E. 1-1, Ex. A to Pet. For Removal. Plaintiffs assert claims for, *inter alia*, loss/theft of

personal property and for the illegal seizure of property and personal effects. Compl., D.E. 1-1, Ex. A to Pet. For Removal, at 3.

While pending in state court, Plaintiffs filed two amended pleadings. *Id.* The Essex County Defendants were served with a copy of the Second Amended Complaint on or about May 6, 2020.[1] Pet. For Removal, D.E. 1, at ¶ 4. On June 1, 2020, the Essex County Defendants removed this case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Notice of Removal, D.E. 1. On June 19, 2020, Plaintiffs moved to remand this matter to the Superior Court of New Jersey, Law Division, Essex County on the basis that the OAG, as an arm of the State of New Jersey, is immune from suit in federal court under the Eleventh Amendment of the United States Constitution. Pls.' Mot. to Remand, D.E. 4, at 18-19.

**III.  Analysis**

Under 28 U.S.C. § 1441(a), a defendant may remove, "except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction." A district court has original jurisdiction over civil actions arising under federal law. 28 U.S.C. § 1331. A federal court lacking subject matter jurisdiction must remand the matter back to state court. 28 U.S.C. § 1441(c). The party asserting federal jurisdiction "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court," and all doubts concerning federal jurisdiction must be resolved in favor of remand. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal pursuant to § 1441 is to be construed strictly to honor "the Congressional intent to restrict federal diversity jurisdiction." *Id.*

---

[1] The Essex County Defendants were not served with the Original or First Amended Complaint. *Id.* at ¶ 5.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Eleventh Amendment also bars suits by in-state plaintiffs against non-consenting States in federal court.  *See Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Lombardo v. Pa., Dep't of Public Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) ("[It] is clear that the States possess immunity from suit in the federal courts, also known as Eleventh Amendment immunity.").

A State may nonetheless waive its immunity and consent to suit in federal court.  *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *Sacred Heart Hosp. v. Dept. of Pub. Welfare (In re Sacred Heart Hosp.)*, 133 F.3d 237 (3d Cir. 1998) (citing *Atascadero St. Hosp. v. Scanlon*, 437 U.S. 234, 238 (1985)).  "[A] State may waive its immunity from suit by invoking federal court jurisdiction voluntarily." *Lombardo*, 540 F.3d at 196.  That voluntary waiver can occur by removal to federal court.  *See id.* at 197 ("When a State, facing suit in its own courts, purposefully requests a federal forum, it expresses a clear intent to waive immunity from suit.").

This Court finds that this case was properly removed because the OAG has waived its immunity under the Eleventh Amendment by consenting to suit in federal court.  Although the OAG was not served notice of process in this matter and its consent to removal was therefore not required, the Essex County Defendants, nonetheless, sought and obtained the OAG's consent before removing this action. OAG's Opp. to Pls.' Mot. to Remand, June 19, 2020, D.E. 7, at 1. The Essex County Defendants confirm this.  Essex County Def.s' Opp. to Pls.' Mot. to Remand, July 9, 2020, D.E. 10, at 1.  In its opposition to the instant motion, the OAG has indicated its

consent to suit in federal court through explicit language: "To the extent this Court does not find that consent to be sufficient, at this time the OAG makes it clear that it does consent to suit in this Court and waives its sovereign immunity under the Eleventh Amendment only." OAG's Opp. to Pls.' Mot. to Remand, June 19, 2020, D.E. 7, at 1-2.  Therefore, the Court finds that the OAG has waived its Eleventh Amendment immunity and has consented to suit in this Court.

Moreover, even if this Court were to find that the OAG's consent to suit was invalid, the presence of an Eleventh Amendment-barred claim would not prohibit this Court from hearing the remaining claims.  *See Schacht*, 524 U.S. at 383.  The Supreme Court has conclusively established that "the presence in an otherwise removable case of a claim barred by the Eleventh Amendment does not destroy removal jurisdiction that would otherwise exist." *Id.*  Accordingly, removal of this action to federal court is proper.

## IV. CONCLUSION

For the reasons above, the Undersigned recommends that the District Court deny Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Essex County.  The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

**s/ Michael A. Hammer**
**UNITED STATES MAGISTRATE JUDGE**

**Date:  August 25, 2020**